

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Dean C. Sovolos*　　　　　　　　　　　970 Broad Street, Suite 700　　　　(973)297-2014
*Assistant United States Attorney*　　　Newark, New Jersey 07102

February 24, 2021

**<u>FILED ON ECF</u>**

The Honorable Stanley R. Chesler
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

　　　Re:　United States v. Maria Bell
　　　　　　<u>Mag No. 20- 9451 (CLW)</u>

Dear Judge Chesler:

　　　The Government respectfully submits this letter in opposition to Defendant Maria Bell's ("Bell" or "Defendant") second emergency motion for reconsideration ("Def. Second Emergency Motion") to revoke the third order of detention issued in this case. The first and second orders of detention were issued by Magistrate Judge Cathy L. Waldor, and the third order of detention was issued by your Honor on January 28, 2021 (Dkt. No. 6).

　　　In response to Def. Second Emergency Motion, the Government relies on its submission dated January 20, 2021 (Dkt. No. 3) to establish that there is clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community if Bell is released, and that, by a preponderance of the evidence, there is no condition or combination of conditions that can reasonably assure the presence of defendant at trial. See 18 U.S.C. § 3142e) and (f); *United States v. Himler,* 797 F.2d 156, 160-61 (3d Cir. 1986).

　　　The Defendant has had numerous opportunities to present both written and oral argument, make a clear record, and bring forth compelling reasons that weigh in favor of the Defendant being released on bail, but has nonetheless failed to establish that there are bail conditions available that are sufficient in this case. There have been three hearings, approximately 9 defendant submissions or letters on this matter,[1] and several hours of oral arguments. The Def. Second Emergency Motion, filed on February 11, 2021,

---

[1] These include: (i) the defendant letter opposing detention (11/25/2020); (ii) A defendant letter dated 12/16/2020; (iii) a defendant letter dated 12/17/2020; (iv) a defendant letter dated 12/21/2020; (v) the defendant emergency motion dated 1/08/2021; the defendant reply in support of a motion to revoke dated 1/21/2021, and the Def. Second Emergency Motion dated 02/11/2021.

brings forth nothing to change the Court's conclusion that the Defendant poses a danger to the community and is also a substantial flight risk.

Your Honor considered all of the Defendant's arguments in the above submissions and the Defendant's oral argument in the most recent bail hearing on January 22, 2021. *See* Dkt. No. 7, transcript of bail hearing at 33:11-43:12.

First, this Court found that there is clear and convincing evidence that the defendant poses a real and significant threat to the community, and that this threat cannot be overcome by any combination of release conditions. More specifically, the Court stated:

> The Court is satisfied that the weight of the evidence in this case is indeed substantial, and that indeed the nature of the charges and the circumstances indicate that Ms. Bell is fully willing, and to the extent she can be able to support HTS, she wants to do it. *Id* at 38.

The Defendant had many opportunities to present a suitable bail package, and in considering all options for a suitable bail package, the Court found that:

> And the Court, quite frankly, does not know how it could fashion conditions of release which would prevent Ms. Bell from using whatever financial resources she has to support HTS and using the internet-encrypted apps and other internet services to continue her support of a terrorist organization. And nothing has been proposed to me. *Id* at 42.

Further, the Court found, by a preponderance of evidence, that if released, the defendant poses an actual risk of flight. More specifically, the Court stated:

> Additionally, with regard to risk of flight, quite frankly, given the very serious charge here, the potential maximum sentence of 10 years -- and I am not going to start parsing what the potential guideline calculation is because the guidelines are only advisory -- but Ms. Bell faces a possible 10-year sentence on these charges. She has indicated that she would be perfectly happy to live in Turkey. And, quite frankly, electronically monitored house arrest is a very imperfect device for limiting the ability of someone to flee if they truly wish to flee. In short: It only takes a knife to

>cut off the bracelet and run and then to figure out a way to get out of the country and flee to another country. *Id* at 43.

In short, the Court considered the corpus of Defendant's submissions and arguments, and concluded that, based upon all factors, the government met its burden by establishing by clear and convincing evidence that there are no conditions of release that will sufficiently protect the safety of the community, and that there are no conditions of release under a preponderance of the evidence standard that will reasonably assure the appearance of defendant at trial. The Def. Second Emergency Motion presents nothing to change this, and in fact, the arguments raised therein are directly refuted in the Court's extremely thorough and detailed January 22, 2021 bail decision.

Accordingly, the Def. Second Emergency Motion should be denied, and the defendant should remain detained pending trial. See 18 U.S.C. § 3142(e).

>Respectfully submitted,
>
>RACHAEL A. HONIG
>Acting United States Attorney
>
>_____
>Dean C. Sovolos
>Assistant United States Attorney

cc:  Rahul Sharma, Esq. (by electronic mail)