NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-15 (SRC) |
| v. | : | |
| | : | |
| MARIA SUE BELL | : | OPINION & ORDER |
| | : | |

**CHESLER**, District Judge

Presently before the Court is the motion filed by Defendant Maria Sue Bell ("Defendant" or "Bell") for reconsideration of the Court's January 28, 2021 Order, which denied Bell's motion to revoke the magistrate judge's orders of detention and denied her application for emergency release under 18 U.S.C. § 3142(i) [ECF 8]. (Hereinafter, the underlying order on which this motion for reconsideration is based will be referred to as the "January 28 Order"). The United States of America (the "Government") opposes this motion.

In considering Bell's underlying motion, the Court reviewed the magistrate judge's detention orders de novo, pursuant to 18 U.S.C. § 3145(b). United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). Under this standard, "a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985); see also United States v. Ruben, 974 F.2d 580, 586 (5th Cir. 1992) (holding that the reviewing court "must make an

independent determination of the proper pretrial detention or conditions for release."). Accordingly, the Court evaluated the question of whether Defendant's pretrial release was warranted pursuant to 18 U.S.C § 3142. In addition to considering the record, briefs on the underlying motion, and additional affidavits and evidence presented with motion, the Court conducted a motion hearing on January 22, 2021 and further took into consideration the arguments presented by counsel. As set forth on the record of the January 22 proceedings, the Court applied the standard set forth in the Bail Reform Act, 18 U.S.C. § 3141, et seq., to determine whether there were appropriate conditions it could place on Defendant's pretrial release that would "reasonably assure the appearance of the defendant as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). After evaluating that question according to the factors set forth in Section 3142(g), the Court concluded that the Government had met its applicable burdens of demonstrating that Bell should not be released because no condition or combination of conditions will reasonably assure her appearance at trial and sufficiently protect the safety of the community. Consistent with 18 U.S.C. § 3142(e), the Court concluded that Bell should not be released pending trial, setting forth its reasons in detail and embodying its decision in the January 28 Order.

      To obtain reconsideration of the Court's January 28 Order, Defendant bears the burden of demonstrating one of the following: (1) that there has been an intervening change in the controlling law; (2) that there is new evidence that was not available when the court issued its

order; or (3) that there is a need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) (holding that motions for reconsideration may be filed in criminal cases). Defendant does not cite any change in legal authority or point to any new, previously unavailable evidence. Bell appears to rely on the third ground for reconsideration. However, she fails to point to a factual matter or controlling decision of law that she believes the Court overlooked in reaching its decision. See L. Civ. R. 7.1(i); see also L. Crim. R. 1.1 (adopting the local civil rule on reconsideration to apply in criminal actions). Instead, Defendant presents the Court with a new bail package, proposing conditions of release that Defendant believes will address the Court's stated concerns about the safety of the community and the risk of Defendant's flight pending trial. While the Court did indicate in the January 22 proceedings that Defendant had not presented conditions of release additional to those previously found lacking, seeking reconsideration for the purpose of supplementing a submission, that is, to present additional material which had not been before the Court, is not an appropriate basis for this extraordinary remedy. Indeed, the scope of a motion for reconsideration is a narrow one, and Defendant's request that the Court consider a new bail package exceeds that scope. In short, Defendant has not demonstrated that the Court committed a clear error of law or fact or that reconsideration is required to prevent manifest injustice.

For the reasons set forth above, Bell has not met her burden of demonstrating that reconsideration of the Court's January 28 Order is warranted. Should she wish the Court to consider a renewed motion for pretrial release, Defendant may file the appropriate motion with the magistrate judge.

Accordingly,

**IT IS** on this 1st day of March 2021,

**ORDERED** that Defendant Maria Sue Bell's motion for reconsideration of the January 28 Order [ECF 8] is **DENIED**.

    /s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge